Slip Op. 17-1

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SUNPREME INC.,**<br><br>       Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>       Defendant,<br><br>   and<br><br>**SOLARWORLD AMERICAS INC.,**<br><br>       Defendant-Intervenor. | Before: Claire R. Kelly, Judge<br><br>Court No. 15-00315 |

## OPINION AND ORDER

[Granting Defendant's motion for a stay of the Judgment entered October 11, 2016.]

Dated: January 5, 2017

Diana Dimitriuc-Quaia and Nancy Aileen Noonan, Arent Fox LLP of Washington, DC, argued for plaintiff. With them on the brief was John Marshall Gurley.

Justin Reinhart Miller, Senior Trial Counsel, International Trade Field Office, Civil Division, U.S. Department of Justice of New York, NY, and Tara Kathleen Hogan, Senior Trial Counsel, Commercial Litigation Branch – Civil Division, U.S. Department of Justice, of Washington, DC, argued for defendant. With them on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Paula Smith, Senior Attorney, Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs and Border Protection of New York, NY.

Laura El-Sabaawi, Wiley Rein, LLP, of Washington, DC, argued for defendant-intervenor. With her on the brief were Timothy C. Brightbill, Adam Milan Teslik, Cynthia Cristina Galvez, Derick G. Holt, Laura El-Sabaawi, Maureen Elizabeth Thorson, Stephanie Manaker Bell, Tessa Victoria Capeloto, and Usha Neelakantan.

Court No. 15-00315                                                                                                     Page 2

Kelly, Judge: This matter is before the court on Defendant's motion pursuant to USCIT Rule 62(e) for a stay of the judgment entered October 11, 2016, pending disposition of Defendant's appeal.[1] See Mot. Stay J. Pending Appeal, Dec. 9, 2016, ECF No. 142 ("Stay Mot."); see also Sunpreme Inc. v. United States, 40 CIT __, Slip Op. 16-97 (Oct. 11, 2016) ("Sunpreme II"); Judgment, Oct. 11, 2016, ECF No. 135 ("Judgment"). Defendant argues that the court must stay its judgment in order to avoid potentially rendering its appeal moot, which would have the effect of denying Defendant an opportunity to obtain judicial review of the court's decision and judgment. Stay Mot. 1. Defendant-Intervenor consents to the stay. Id. Plaintiff opposes Defendant's motion contending that Defendant fails to demonstrate any of the elements required to warrant a stay. See Pl.'s Resp. Opp'n United States's Mot. Stay J. Pending Appeal 5–17, Dec. 27, 2016, ECF No. 146 ("Pl.'s Resp.").

For the reasons that follow, the court stays its judgment. The court delayed those portions of its judgment directing liquidation of Plaintiff's entries and refunding of cash deposits collected on Plaintiff's entries to avoid rendering a potential appeal by Defendant moot.[2] See Judgment 2. In its motion for judgment on the agency record, Plaintiff did

---

[1] Defendant filed a copy of its notice of appeal together with proof of filing concurrently with the filing of its motion for a stay. See Def.'s Notice of Appeal, Dec. 9, 2016, ECF No. 141; Def.'s Notice of Docketing, Dec. 9 2016, ECF No. 143. On the same day, Defendant-Intervenor also filed a copy of its notice of appeal together with proof of filing. See Def.-Intervenor's Notice of Appeal, Dec. 9, 2016, ECF No. 144; Def.-Intervenor's Notice of Docketing, Dec. 9, 2016, ECF No. 145.

[2] The court held a teleconference with the parties on January 3, 2017 in which the court explained that the effect of the language of its judgment indicating that liquidation and refund of cash deposits on entries entered or withdrawn from warehouse on or before December 30, 2015 "in accordance with the final court decision in this action" was not to require compliance with those portions of the judgment until all appeals had been exhausted. See Teleconference 00:58–01:11,

(footnote continued)

not request an affirmative injunction directing immediate liquidation or refund of cash deposits nor did it make a showing that such an injunction would be warranted under the circumstances. See Pl.'s Rule 56.1 Mot. J. Agency R., May 11, 2016, ECF No. 102 ("Pl.'s Mot. J. Agency R."); Pl.'s Mem. Supp. Mot. J. Agency R., May 11, 2016, ECF No. 102-1. Although Defendant has not shown a substantial likelihood of success on the merits, the overwhelming irreparable harm Defendant would face if the entries entered prior to December 30, 2015 were to liquidate, together with the public interest and the balance of the hardships, all favor granting a stay to preserve the availability of judicial review.

## BACKGROUND

Plaintiff filed a motion for judgment on the agency record pursuant to USCIT Rule 56.1 challenging United States Customs and Border Protection's ("Customs" or "CBP") determination to require that Plaintiff file its entries as subject to antidumping and countervailing duty ("AD/CVD") orders on crystalline silicon photovoltaic cells, whether or not assembled into modules from the People's Republic of China (collectively "Orders"). See Pl.'s Mot. J. Agency R.; see also Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China, 77 Fed. Reg. 73,018 (Dep't Commerce Dec. 7, 2012) (amended final determination of sales at less than fair value, and antidumping duty order) ("AD Order") and Crystalline Silicon Photovoltaic

---

Jan. 3, 2017, ECF No. 147; see also Judgment 2. Both Defendant and Plaintiff indicated that they did not understand that the court's judgment delayed the requirement of liquidation and refunding of cash deposits with respect to Plaintiff's entries until after all appeals. See Teleconference 01:50–02:20; 03:57–04:15, Jan. 3, 2017, ECF No. 147. Despite the court's language delaying the liquidation and refund of cash deposits on Plaintiff's entries entered prior to December 30, 2015 until "a final decision in this action," the stay is necessary to prevent deemed liquidation because the court declared Commerce's suspension of liquidation contrary to law.

Cells, Whether or Not Assembled Into Modules, from the People's Republic of China, 77 Fed. Reg. 73,017 (Dep't Commerce Dec. 7, 2012) (countervailing duty order) ("CVD Order").  On October 11, 2016, the court granted Plaintiff's motion for judgment on the agency record and entered judgment for Plaintiff.  See Sunpreme II, 40 CIT at __, Slip Op. 16-97 at 32; Judgment.

Specifically, the court set aside CBP's interpretation of the Orders to the effect that Plaintiff's imports are subject to the Orders as contrary to law under Section 706 of the Administrative Procedure Act, as amended, 5 U.S.C. § 706 (2012).  See Sunpreme II, 40 CIT at __, Slip Op. 16-97 at 16.  In addition, the court held that CBP lacked authority to suspend liquidation and order the collection of cash deposits on entries prior to the initiation of a scope inquiry by the U.S. Department of Commerce ("Commerce").[3]  Id., 40 CIT at __, Slip Op. 16-97 at 28.  The court further held that CBP's continued suspension of liquidation on entries entered before the initiation of the scope inquiry by Commerce "is void *ab initio*, and there is no suspension of liquidation to continue under Commerce's regulation" with respect to pre-initiation entries.  Id., 40 CIT at __, Slip Op. 16-97 at 32.

Thus, the court ordered that: (1) suspension of liquidation and collection of cash deposits for estimated AD/CVD duties on Plaintiff's entries "entered or withdrawn from

---

[3] On July 29, 2016, Commerce issued a final scope determination to the effect that Plaintiff's entries of solar modules that are the subject of this action are within the scope of the Orders.  See Letter from Plaintiff Notifying the Court of Scope Decision Att., Aug. 5, 2016, ECF No. 109; see also AD Order, 77 Fed. Reg. at 73,018, CVD Order, 77 Fed. Reg. at 73,017.  The court held that Commerce's regulation only permits Commerce to impose antidumping cash deposits where the scope of an antidumping or countervailing duty order the unambiguous terms of the Order do not include the merchandise in question until Commerce has acted to resolve the ambiguity.  Sunpreme II, 40 CIT at __, Slip Op. 16-97 at 17, 17 n.21 (citing 19 C.F.R. §§ 351.225(l)(1), (3) (2015); AMS Assocs., Inc. v. United States, 737 F.3d 1338, 1344 (Fed. Cir. 2013)).

warehouse on or before December 30, 2015 are contrary to law"; (2) CBP shall liquidate Plaintiff's entries "entered or withdrawn from warehouse before December 30, 2015 in accordance with the final court decision in this action"; and (3) CBP shall refund, together with any interest required by law, cash deposits made by Plaintiff for AD/CVD duties on its entries "entered or withdrawn from warehouse on or before December 30, 2015 in accordance with a final court decision in this action." Judgment 1–2.

## STANDARD OF REVIEW

USCIT Rule 62(e) permits the court, in its discretion, to stay the operation or enforcement of a judgment pending an appeal taken by the United States. See USCIT R. 62(e). In exercising such discretion, the choice represents "a means of ensuring that appellate courts can responsibly fulfill their role in the judicial process." Nken v. Holder, 556 U.S. 418, 427 (2009). However, "a reviewing court may not resolve a conflict between considered review and effective relief simply by reflexively holding a final order in abeyance pending review." Id.

The party requesting the stay under USCIT Rule 62(e) bears the burden of showing that the circumstances justify an exercise of the court's discretion based on four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

NSK Corp. v. United States, 431 Fed. Appx. 910, 911 (Fed. Cir. 2011) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). Moreover, each factor need not be given equal

weight, and the first two factors are generally considered the most significant.  See Id.; cf. Nken v. Holder, 556 U.S. at 434.

## DISCUSSION

### I. Irreparable Harm

Defendant argues that it faces immediate irreparable harm if the court declines to grant a stay because Defendant "will likely be unable to maintain a live controversy over which the appeals court could exercise jurisdiction." Stay Mot. 5.  Specifically, Defendant argues that the CBP would be required to liquidate entries without a stay, and that the government's challenge to the court's decision would be moot if the entries were liquidated or deemed liquidated.  Id. at 4 (citing SKF USA, Inc. v. United States, 512 F.3d 1326, 1328 (Fed. Cir. 2008); Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983)).  Plaintiff responds that liquidation of Plaintiff's entries prior to Commerce's initiation of a scope inquiry would not irreparably harm Defendant because the government may prospectively collect duties on entries entered after the initiation of a scope inquiry by Commerce.  Pl.'s Resp. 9.  Defendant will suffer irreparable harm without a stay.

Section 504(d) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1504(d) (2012),[4] requires that once suspension of liquidation is removed, CBP shall liquidate the entry "within 6 months after receiving notice of the removal from the Department of Commerce, other agency, or a court with jurisdiction over the entry." 19 U.S.C. § 1504(d).  Further, if CBP does not liquidate such entries within 6 months after receiving notice of removal of

---

[4] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

suspension of liquidation, such entries "shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted by the importer of record." Id.

Once liquidation occurs, a court is powerless to order the assessment of duties at a different rate. SKF USA, 512 F.3d at 1328 (citing Zenith, 710 F.2d at 810). The effect of this rule is to render "a court action moot once liquidation occurs," even deemed liquidation pursuant to 19 U.S.C. § 1504(d). Id. at 1329 (citing Zenith, 710 F.2d at 810). Moreover, mootness "does not depend on the [actual] disbursement of funds but rather on the fact of liquidation itself." Id.

By ordering that CBP's suspension of liquidation for estimated AD/CVD duties on Plaintiff's entries is contrary to law and that such unlawful suspension of liquidation cannot be continued under 19 C.F.R. §§ 351.401(l)(1) and (l)(3) (2015),[5] the court removed suspension of liquidation on Plaintiff's entries entered prior to December 30, 2015. See Sunpreme II, 40 CIT at __, Slip Op. 16-97 at 28. As a result, CBP must liquidate Plaintiff's pre-initiation entries or those entries will be deemed liquidated. See 19 U.S.C. § 1504(d). If such liquidation were to occur prior to the disposition of Defendant's appeal, which is likely given that the court's order was entered on October 11, 2016 and Defendant timely filed its notice of appeal on December 9, 2016, Defendant would have no recourse to challenge the court's decision that CBP's determination to suspend liquidation and collect cash deposits on Plaintiff's entries was unlawful. This constitutes precisely the sort of irreparable harm that a stay in this procedural posture is meant to address. Any challenge to the court's decision that CBP's determinations to collect cash deposits and suspend

---

[5] Further citations to the Code of Federal Regulations are to the 2015 edition.

liquidation on pre-initiation entries would be rendered moot if the court's order is not stayed.

Plaintiff does not contest that a failure to stay the court's order with respect to pre-initiation entries would moot Defendant's challenge to the court's decision that CBP lacked authority to collect cash deposits and suspend liquidation on those pre-initation entries. See Pl.'s Resp. 9. Rather, Plaintiff suggests that liquidation will not moot Defendant's challenge entirely because the government could still pursue prospective relief in the form of duties on entries entered after Commerce's initiation of a scope inquiry. Pl.'s Resp. 9 (citing 19 C.F.R. § 351.225). Specifically, Plaintiff argues that liquidation of entries is only irreparable injury where a remedy would not be preserved prospectively on appeal.[6] Pl.'s Resp. 5–6 (citing Nucor Corp. v. United States, 29 CIT 1452, 1462, 412 F. Supp. 2d 1341, 1350 (2005)). However, Plaintiff cites no authority for the notion that Defendant's challenge with respect to CBP's legal basis for collecting cash deposits and suspending liquidation on pre-initiation entries would not be mooted because the government could continue to challenge the collection of duties on post-initiation entries. The fact that Defendant could still collect duties on entries challenged by Plaintiff post-initiation does not change the fact that Defendant could not challenge the court's decision CBP's determination to collect cash deposits and suspend liquidation on

---

[6] Here, Plaintiff's challenge is brought pursuant to 28 U.S.C. § 1581(i) (2012). See Confidential Compl. ¶ 3, Dec. 8, 2015, ECF No. 12. The irreparable harm is rendering moot the legal issue of whether CBP lacked authority to collect cash deposits and suspend liquidation, not just potential lost duties due to liquidation of pre-initiation entries. See Stay Mot. 5. Review of the legal issue of whether CBP can impose cash deposits and suspend liquidation on the pre-initiation entries could not be pursued through a challenge to Commerce's scope determination brought pursuant to 28 U.S.C. § 1581(c) (2012). See Sunpreme Inc. v. United States, 40 CIT __, __, 145 F. Supp. 3d 1271, 1286 (2016).

pre-initiation entries is unlawful. Therefore, the government has demonstrated that it would be irreparably harmed without a stay of the court's order to preserve this legal issue on appeal.

## II. Likelihood of Success on the Merits

Defendant argues that this case presents serious and substantial questions concerning the Court's jurisdictional statute and CBP's authority to effectively administer the trade laws at the time of entry. Stay Mot. 7. Defendant further argues that substantial legal questions are sufficient to determine that the likelihood of success on the merits criterion is met. Id. (citing E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987)). Plaintiff responds that the court must find likelihood of success on the merits in order to grant a preliminary injunction. Pl.'s Resp. 11. Plaintiff argues that Defendant has not met this burden because the court has already decided that the Court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1581(i) (2012).[7] Pl.'s Resp. 11–12. Likewise, Plaintiff contends that Defendant has not met its burden of demonstrating likelihood of success on the merits because the court has already decided that CBP lacked the authority to require Plaintiff's entries to be entered as subject to

---

[7] Defendant filed a motion to dismiss arguing that the Court lacked jurisdiction over Plaintiff's cause of action under 28 U.S.C. § 1581(i) (2012) because Plaintiff has a remedy under 28 U.S.C. § 1581(a) to challenge CBP's factual application of the scope of the Orders, from which collection of cash deposits and suspension of liquidation follow, after CBP completes its administrative processing by protesting the liquidation and challenging the denial of such protest. Def.'s Mem. Supp. Mot. Dismiss 9, Dec. 18, 2015, ECF No. 40 ("Def.'s Mot. Dismiss"). Defendant further argued that Plaintiff has a remedy under 28 U.S.C. § 1581(c) (2012), but only after Commerce initiates a scope inquiry. Id. at 10. Defendant argued that Plaintiff's challenge was unripe before Commerce had issued a reviewable scope determination. Id. at 10–11.
　　The court held that the Court has jurisdiction over Plaintiff's cause of action because Plaintiff has demonstrated that review of CBP's determination is unavailable under any enumerated basis for court jurisdiction. Sunpreme Inc. v. United States, 40 CIT __, __, 145 F. Supp. 3d 1271, 1283 (2016).

AD/CVD duty deposits. Id. at 12–13 (citing Sunpreme II, 40 CIT at __, Slip Op. 16-97 at 32).

In E.I. DuPont, the Court of Appeals for the Federal Circuit suggests that, despite an absence of likelihood of success on the merits, a substantial legal question will justify granting a stay if the movant demonstrates irreparable harm, that the public interest favors granting the stay, and a lack of harm to the non-movant. See E.I. DuPont, 835 F.2d at 278–79. However, the Supreme Court held that it is an abuse of discretion to grant a preliminary injunction because of difficult legal issues without even considering the likelihood of success on the merits. Cf. Munaf v. Geren, 553 U.S. 674, 690–91 (2008). Viewed together, the court must evaluate likelihood of success on the merits, but this criterion alone may not be determinative of whether or not to grant a stay. See E.I. DuPont, 835 F.2d at 278–79, Munaf v. Geren, 553 U.S. at 690–91.

After full briefing by both parties on all of the arguments Defendant raises in its appeal, the court held that the court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1581(i) (2012) because Plaintiff demonstrated that judicial review under either 28 U.S.C. § 1581(a) or 28 U.S.C. § 1581(c) is unavailable and Plaintiff has identified final agency action subject to challenge that is reviewable under the Administrative Procedure Act. See Sunpreme Inc. v. United States, 40 CIT __, __, 145 F. Supp. 3d 1271, 1283–94 (2016) ("Sunpreme I"). In a separate decision, the court held that: (1) CBP's interpretation of the Orders to the effect that Plaintiff's imports are subject to the Orders is contrary to law, Sunpreme II, 40 CIT at __, Slip Op. 16-97 at 16; and (2) CBP's suspension of liquidation before the initiation of the scope inquiry by Commerce "is void *ab initio*, and

there is no suspension of liquidation to continue under Commerce's regulation" with respect to pre-initiation entries. Id., 40 CIT at __, Slip Op. 16-97 at 32. Therefore, the court cannot find that Defendant has demonstrated a likelihood of success on the merits. Thus, this one factor does not favor granting a stay. However, likelihood of success is only one factor for the court to consider, and the fact that the legal issue is one of first impression allows for at least the possibility that a reviewing court may disagree.

### III. Balance of the Hardships

Defendant argues that a stay of the court's order will not substantially injure Plaintiff because financial injury is insufficient hardship to warrant a stay and, in any event, Plaintiff would be made whole if it were to prevail because any refund would be paid with post-judgment interest. Stay Mot. 5. Defendant argues that the hardship on the government of refunding the cash deposits now pending appeal is significant because Plaintiff's financial condition makes it unlikely that it would pay any duties owed if Defendant were to prevail. Id. at 5 n.1. Plaintiff counters that it faces significant financial hardship brought about by CBP's actions requiring it to deposit significant sums of AD/CVD duties based upon CBP's ultra vires interpretation of the scope language in the Orders. Pl.'s Resp. 14. Defendant argues that it is unreasonable to presume that failure to refund cash deposits on pre-initiation entries would not represent a substantial adversity. Id. at 15.

The court recognizes that, if a stay were granted, Plaintiff would be deprived of the money it posted as cash deposits on entries prior to December 30, 2015 until a final court decision, including all appeals. However, Plaintiff never alleged that posting cash deposits on entries prior to December 30, 2015, which had mostly been paid before

Court No. 15-00315                                                                                          Page 12

Plaintiff moved for a temporary restraining order and preliminary injunction, represented a serious threat to its financial existence.[8]  See Pl.'s Appl. TRO and Mot. Prelim. Inj. and Mem. P. & A. Supp. Thereof Confidential Version 23–24, Dec. 9, 2015, ECF No. 13. Rather, Plaintiff contended that it was "[t]he inability to continue to sell and deliver solar modules to customers in the United States means of loss of goodwill, damage to reputation, and loss of business opportunities" that would constitute irreparable harm.  Id. at 23.  A stay will deprive Plaintiff of the cash deposits it paid on pre-initiation entries, but there is virtually no risk to Plaintiff that it would not be made whole should it prevail.  On the other hand, given Plaintiff's representations as to its financial position, the hardship posed by the risk that Plaintiff would be unable to pay any duties owed if Defendant were to prevail makes clear that the hardship on Defendant of granting the stay outweighs that on Plaintiff.

### IV. Public Interest

Defendant argues that the public interest is served by the government's retention of cash deposits on pre-initiation entries pending resolution of an appeal because the public interest favors protecting the revenue of the United States and in assuring compliance with the trade laws.  Stay Mot. 6.  Defendant argues that the revenue should be protected in a way that will permit consideration of the issues in this appeal.  Id. Defendant also argues that the public interest is served by assuring the availability of appellate review.  Id. at 6–7.  Plaintiff counters that enforcement of the judgment does not

---

[8] Moreover, an allegation of financial loss alone, however substantial, which is compensable with monetary damages, is not irreparable harm if such corrective relief will be available at a later date. Sampson v. Murray, 415 U.S. 61, 90 (1974).

affect the availability of appellate review.  Pl.'s Resp. 16.  Additionally, Plaintiff argues that the public interest cannot be served by allowing Defendant to retain its cash deposits where CBP acted contrary to law.  See id.

As already discussed, Plaintiff's argument that staying the court's judgment is unnecessary to avoid rendering Defendant's challenge moot is without merit.  The preservation of a right to appellate review unquestionably is in the public interest.  The public interest is not served by rendering a trial court a court of last resort where the judicial system permits further judicial review.  See, e.g., 28 U.S.C. § 1295(a)(5) (2012) (conferring appellate jurisdiction to the Court of Appeals for the Federal Circuit over Defendant's claim).  Particularly where an importer can be made whole with interest in the event it prevails on appeal, the overwhelming systemic public interest favoring appellate review outweighs the public interest in protecting importers from being subjected to duties collected beyond an agency's authority.

## V. Conclusion

Despite the fact that Defendant has failed to demonstrate a strong likelihood of success on the merits, the overwhelming irreparable harm posed by the probability that Defendant's appeal would be rendered moot by a failure to stay the court's order, the balance of the hardships tipping in favor of Defendant, and the strong public interest in ensuring appellate review of this important legal issue of first impression favor staying the court's order.  See DuPont, 835 F.2d at 278–79, Munaf v. Geren, 553 U.S. at 690–91.  In these circumstances, the other factors favoring granting a stay outweigh Defendant failure to demonstrate a substantial likelihood that it would succeed on the merits.

## **CONCLUSION**

Therefore, upon consideration of Defendant's motion for a stay, all papers and proceedings in this action, and upon due deliberation, it is hereby

**ORDERED** that Defendant's motion is granted; and it is further

**ORDERED** that the Judgment, Oct. 11, 2016, ECF No. 135, is stayed until the entry of a final and conclusive judgment in this action, including all appeals.

/s/ Claire R. Kelly
Claire R. Kelly. Judge

Dated: January 5, 2017
      New York, New York